# Richmond

## CITY OF ROANOKE, VIRGINIA V. ROBERT S. SMITH, COMMONWEALTH'S ATTORNEY FOR THE CITY OF ROANOKE.

March 14, 1935.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Browning and Chinn, JJ.

The opinion states the case.

*Robert C. Jackson* and *C. E. Hunter,* for the plaintiff in error.

*T. W. Messick,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

This is a singular case. It is an appeal by Robert S. Smith, Commonwealth's attorney for the city of Roanoke, Virginia, to the Hustings Court of the said city, from an award by the Compensation Board of the State of Virginia, of compensation and expenses for the office of the Commonwealth's attorney of the said city.

A petition was filed in the said court by the Commonwealth's attorney. Notice of the motion to hear evidence in support of the petition was served on E. R. Combs, Chairman of said Board, A. P. Staples, Attorney General of Virginia, and P. H. Tucker, city clerk and auditor for the city of Roanoke. All of the formalities of an action at law or suit in equity were dispensed with. No plea or answer was filed and no person was made a defendant to the petition.

The court heard the matter upon the petition, certain exhibits filed and testimony of witnesses, taken *ore tenus* in open court, and upon arguments of counsel. The petition set forth fully the work and duties of the office of the Commonwealth's attorney, its needs and necessities for an assistant and other expenses and that such needs had been recognized for a long number of years by the State Fee Commission and by its successor, the Compensation Board. The appeal was from the award of the last mentioned body fixing the compensation at a sum or sums, allegedly inadequate for the service performed.

It appears from an order of the court that defense was made by the city of Roanoke, by its attorney, on the ground that neither the Compensation Board nor the hustings court, upon appeal, had authority to make an allowance for an assistant, or expenses of the office, to be paid out of public funds; that neither service was contemplated by law or provided for by law or the charter of the said city. The court by its order fixed the compensation of the attorney for the Commonwealth, the assistant, the secretary and the expenses incident to the office, in excess of the award of the Compensation Board.

Section 12-a of the State Compensation Act, approved March 29, 1934, Acts of Assembly, 1934, page 733, 740, chapter 364, provides for the right of appeal, as has in this case been taken, from any decision of the board to the appropriate court, in which the office affected is located, that such appeal shall be heard *de novo* by the judge of such court, and that there shall be no right of appeal from his decision.

The statute absolutely precludes the right of appeal. For this reason we think the writ of error was improvidently awarded. Again the matter involves an executive or administrative function of the hearing court of which this court ought not to take cognizance. The writ of error is dismissed.

*Dismissed.*

HOLT and CHINN, JJ., dissenting.

### Memorandum

The Compensation Board is authorized to fix the salaries of certain designated officials, and from its findings appeals may be taken to the proper city or circuit court. From such judgment as may be then entered there is no appeal; but the Compensation Board and the court can only fix fees when there is some office to which they attach. They cannot parcel out public funds among private citizens.

There is no such official as that of assistant Commonwealth's attorney for the city of Roanoke, there is no such office, and no office can be created by prescription. The construction placed upon doubtful expressions in statutes by those charged with their enforcement is valuable, but statutes can only be written by the legislative department of the government.

In this case the appeal is not from a judgment made final when the trial court has acted, but it is from one which the trial court was never authorized to enter. It had no authority to give a salary to a private citizen payable out of a public fund.